IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TOBY KERSHNER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00177 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GINGER DECHANT, | ) | By: Michael F. Urbanski |
|     Defendant. | ) | United States District Judge |

Toby Kershner, a Virginia inmate proceeding *pro se*, filed this civil action against Ginger Dechant, his "common law" wife.[1] Kershner alleges that upon his incarceration, Ms. Dechant accepted "responsibility" for Kershner's belongings and she "promised to keep [his] belongings until his release." At some point after Kershner's incarceration, Ms. Dechant stopped communicating with Kershner "with no explanation at all." Kershner's sister was eventually able to contact Ms. Dechant and learned that Ms. Dechant had thrown away all of Kershner's belongings.[2] Kershner seeks $8,000.00 in punitive and compensatory damages against Ms. Dechant for violating his "right to be free from theft of his belongings." Upon review of Kershner's complaint, the court finds no jurisdiction to consider Kershner's action and, therefore, dismisses it without prejudice.

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of

---

[1] Kershner alleges that Ms. Dechant was his "live in wife, by common law, and caretaker of [his] entire collection of personal property from his childhood up until his incarceration in 2007." Kershner further alleges that he and Ms. Dechant "bought land and a home together in the year of 2007, where they lived together with the[ir] two kids, [one] cat, and fish." Kershner states that he has "love cards from Ms. Dechant where she signed her name as 'Ginger Kershner' and she she referred to Mr. Kershner as her husband."

[2] These belongings included, among other things, lamps, baseball cards, a 1963 newspaper reporting on President Kennedy's assassination, a camera, clothing items, dishes and cookware, tools, fishing gear, camping equipment, and "many nic[k-]nac[k]s."

Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, 191 F.3d at 399 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)).

Kershner's allegations present no violation of the Constitution or other federal law. Accordingly, the court finds that Kershner has not established federal question jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000.00. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). It is unclear from the complaint whether the parties are citizens of different states; however, as Kershner seeks only $8,000 in damages, the amount in controversy is insufficient to provide diversity jurisdiction over this matter. Accordingly, the court finds no jurisdiction over Kershner's complaint and, therefore, dismisses this action without prejudice for failing to state a claim upon which relief may be granted.

Entered: June 23, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge